### BILLEAUDEAU v. JEANSONNE.
### No. 1157.

Court of Appeal of Louisiana, First Circuit.
June 30, 1933.

J. Hugo Dore, of Ville Platte, for appellant.

Guillory & Guillory, of Ville Platte, for appellee.

ELLIOTT, Judge.

Arestile Billeaudeau is the owner of and lives with his wife and children on a farm adjoining a place owned and occupied by Fergus Jeansonne and his family. The Billeaudeau residence is situated north of that occupied by the Jeansonne family.

The plaintiff, Billeaudeau, alleges that the defendant, Jeansonne, during the year 1930, erected and presently maintains a slaughterhouse in which he slaughters and dresses cattle for the market, and also maintains in connection therewith a vat for the purpose of soaking and storing green hides; that said slaughterhouse and vat for storing green hides are about 250 feet distant from plaintiff's residence; that said slaughterhouse and vat generate noxious and offensive odors, which are constantly brought to petitioner and his family in his dwelling house to the extent that same menaces their health, destroys their comfort and the peaceful enjoyment of their property, rendering their dwelling place pestiferous and unbearable; that said smells and odors are so offensive and disgusting that petitioner and his family are thereby subjected to the most intolerable annoyance; that said slaughterhouse and storing vat are a continuous nuisance causing him irreparable injury.

A preliminary injunction issued, restraining defendant from slaughtering and dressing animals of any kind and from operating a vat for storing green hides at the place where he resides.

The defendant for answer admitted that he operates a slaughterhouse and vat for storing green hides, distant from plaintiff's residence as alleged, but he denies that noxious and offensive odors are carried to plaintiff's family therefrom constituting a nuisance. He alleges that his slaughterhouse and storage vat were constructed under the supervision and according to plans and specifications of an agent of the state board of health, and have been repeatedly inspected and approved by an agent of the same, that his slaughterhouse and vat are kept in a clean and healthy condition, and that plaintiff is the only complaining neighbor.

The lower court, after hearing the evidence, rendered judgment perpetuating the injunction and ordered defendant to discontinue the slaughtering of animals and the maintenance of a storing vat for green hides as prayed for. Defendant has appealed.

The evidence shows that defendant maintains and operates a slaughterhouse and keeps a storage vat in which he stores and keeps for sale the green hides of the animals that he butchers, all within about 250 feet distant from plaintiff's residence. We deem it sufficient to state that the plaintiff and his wife and eight or nine others testify that odors emanate from defendant's slaughterhouse and storage vat of the character and kind alleged in the petition. The odor is not as bad sometimes as it is at others, but it is so frequently encountered and is of such character that plaintiff's residence is thereby made almost unbearable, and is well described as being intolerable.

The defendant has not furnished us with a brief in support of his defense, but he testified that the odors are not disagreeable to him, and produced about a dozen witnesses, each of whom testified that he had been at his place, and most of them testified that

they had not noticed disagreeable ódors of the kind described by the plaintiff, but we notice that none of them live as close to him as the defendant.

Defendant admits in his testimony that his slaughterhouse does not come up in the matter of sanitary equipment to the requirements of the state board of health. None of the agents of the state board of health, the agent from whom he claims to have obtained his plans and specifications and who supervised his construction, and the agents, who, he claims have inspected his premises, were called to support his defense. In fact, one of the witnesses called by the defendant testified that an agent of the state board of health had stated to him, after inspecting defendant's slaughterhouse and storing vat, that defendant's slaughterhouse was not up to government specifications, and that he could close him up.

"Perfect ownership gives the right to use, to enjoy and to dispose of one's property in the most unlimited manner, provided it is not used in any way prohibited by laws or ordinances." C. C. art. 491.

But a proprietor cannot make any work on his estate which may deprive his neighbor of the liberty of enjoying his own or which may be the cause of damage to him. C. C. art. 667.

A party is at liberty to do on his own ground whatever he pleases, although it should occasion some inconvenience to his neighbor. C. C. art. 668.

"If the works or materials for any manufactory or other operation, cause an inconvenience to those in the same or in the neighboring houses, by diffusing smoke or nauseous smell, and there be no servitude established by which are regulated, their sufferance must be determined by the rules of the police, or the customs of the place." C. C. art. 669.

The case, Perrin v. Crescent City Stockyard & Slaughterhouse Company, 119 La. 83, 43 So. 938, 12 Ann. Cas. 903, contains a résumé of the jurisprudence which prevails in this state on the subject. Howell v. Butchers' Union Slaughterhouse Live Stock Landing Co., 36 La. Ann. 63, is another case in point. Numerous other cases are cited in Louisiana Digest, vol. 5, subject, "Nuisance," and in supplemental volumes 8 and 9.

As showing how such a situation would have been regarded under the common law in former times, we copy from Blackstone's Commentaries, book 3, c. 13, subject, "Nuisance": " * * * Also if a person keeps his hogs or other noisome animals so near the house of another, that the stench of them incommodes him and makes the air unwholsome this is an injurious nuisance as it tends to deprive him of the use and benefit of his house. A like injury is, if one's neighbor sets up and exercises any offensive trade as a taner's, or tallow chandler's or the like, for though these are lawful and necessary trades, yet they should be exercised in remote places for the rule is sic utere tuo utalienum non laedas; this therefore is an actionable nuisance. So that the nuisances which affect a man's dwelling may be reduced to three. * * * 3rd. Corrupting the air with noisome smells for light and air are two indespensible requisites for every dwelling."

 We find that defendant's slaughterhouse and vat in which he stores green hides constitute an intolerable private nuisance, highly injurious to the plaintiff, and that the plaintiff is entitled to have it abated without delay. The plaintiff does not pray for damages, and, not having answered defendant's appeal, we take it that he is satisfied with the judgment appealed from.

Judgment affirmed; defendant and appellant to pay the costs in both courts.