This is an appeal from a judgment permanently enjoining defendant from conducting rodeos and wild west shows on his property.
The nine plaintiffs are residents of a sub-burban, residential and farming community known as Ransville, which is located in Rapides Parish some two miles, more or less, outside the city limits of the City of Alexandria, and the residential properties of the several plaintiffs either adjoin or are located in the near vicinity of a 165 acre tract of land owned by the defendant and on which tract defendant resides, farms and operates a dairy.
In the early fall of 1946 defendant held two or three rodeo performances on his property, which were attended by some 250 or 300 paid spectators and which enterprise on the part of defendant gave rise to this suit.
Generally, plaintiff averred that the excessive traffic over the gravel road and a *Page 778 
connecting lane, the quartering of horses and cattle upon the rodeo grounds, and the activities both in connection with the actual performance and the rehearsals therefor all served to create an unusual amount of dust, which proved a source of inconvenience, annoyance and discomfort. The petition further avers that the excessive noise attendant upon the rodeo performance, the use of floodlights on the rodeo grounds, the trampling of flower beds and shrubbery by the crowds, and the use of plaintiffs' property in lieu of toilet facilities, constituted nuisances and invasions of privacy entitling plaintiffs to injunctive relief restraining the conducting of rodeos and wild west shows on the property of defendant.
After trial on the merits there was judgment, supported by an able written opinion by the trial judge, in favor of plaintiffs, granting the injunction as prayed for, from which judgment defendant prosecutes this appeal.
[1] Plaintiffs' right to an injunction is well established by the jurisprudence 'of Louisiana, provided the proper showing was made that the acts complained of resulted in creating a nuisance. The general rule of law is stated in Orton v. Virginia Carolina Chemical Co., 142 La. 790, 77 So. 632, in which case the court called attention to the fact that the particular locality and the manner and circumstances affecting the use of the property should be considered in determining the reasonableness, vel non, of such use. In the cited case the operation of a fertilizer factory was enjoined. The operation of other enterprises such as a slaughter house, a laundry, a veterinary hospital, and the operation of a railroad turntable and fueling station have been respectively enjoined in Billeaudeau v. Jeansonne, La. App., 149 So. 183; Di Carlo v. Laundry Dry Cleaning Service, 178 La. 676, 152 So. 327; Talbot v. Stiles, La. App., 189 So. 469, and McGee, et al. v. Yazoo M. V. R. Co., 206 La. 121, 19 So.2d 21.
This general rule has been supported by pronouncements of the court even in cases in which the right to an injunction was denied, such as Moss v. Burke Trotti, Inc., 199 La. 76,3 So.2d 281; Meyer v. Kemper Ice Co., Inc., 180 La. 1037,158 So. 378; and Myer, et al. v. Minard, La. App., 21 So.2d 72.
[2, 3] It is quite true that the operation of a lawful business is not per se a nuisance. But the mere fact that a business is lawful does not entitle one to pursue such a business in instances where its operation causes such undue and unreasonable disturbance as to produce actual physical discomfort and annoyance to a person of ordinary sensibilities. It must further be borne in mind that the injury must be real and not fanciful, Froelicher v. Oswald Ironworks, 111 La. 705, 35 So. 821, 64 L.R. A. 228.
The sole question which is before us for determination resolves itself into one of fact, as to whether plaintiffs have succeeded in proving such circumstances in connection with the operation of the rodeo performances as would constitute nuisances offensive to persons of ordinary sensibilities, thus supporting the conclusion that defendant's use of his property in this connection was unreasonable.
The learned judge of the district court found from the evidence that the conduct and operation of the rodeo performance constituted a nuisance of such nature and character as to entitle plaintiffs to injunctive relief. We heartily concur in this finding.
The defense to this action is simply a denial that the acts complained of and the inconveniences noted were sufficient to constitute an actionable nuisance, and, of course, this defense is disposed of by the finding of facts.
[4] The point is also made by distinguished counsel for defendant that a number of the plaintiffs did not even appear and testify on trial of the case. Regardless of this fact, it is, of course, obvious that if any one of the plaintiffs established the basis of his complaint the injunction was properly granted.
[5] A review of the record in this case convinces us that plaintiffs' objections are more than amply supported by abundant evidence. We do not find it necessary to go into detail other than to say that the testimony definitely preponderated in favor of plaintiffs' claims and established beyond *Page 779 
any reasonable doubt the fact that the dust, noise and objectionable use of adjacent property were the direct results attendant upon the holding of the rodeo performances, and it was further clearly established that these several grounds of complaint were not mere inconveniences but were positive and existing nuisances which would unquestionably offend the sensibilities of any ordinary person, and which would without question seriously interfere with the reasonable and proper use and enjoyment of plaintiffs' premises.
For the reasons assigned the judgment appealed from is affirmed at appellant's cost.