HARDY, Judge.
This suit was instituted by six owners of property located on the north side of Cross Lake in Caddo Parish, Louisiana, later joined by two additional' property owners who appear as plaintiffs in' 'intervention. Plaintiffs own various tracts of land located on the said north shore of Cross Lake aggregating something in excess of 200 acres. Defendant is the owner of a tract of land consisting of two acres which also fronts on Cross Lake, and the property of the several plaintiffs adjoins that of defendant and extends for some hundreds of feet on either side thereof.'
Plaintiffs instituted this suit, praying for the issuance of a temporary restraining order, a preliminary injunction, and, finally, a permanent injunction prohibiting, restraining and enjoining defendant from the construction, upon the bed and over the waters of Cross Lake, below the 172 foot contour line; of a commercial boat shed or boat storage building to be used' in connection with the operation of a commercial fishing camp. Following the issuance of a temporary restraining order the matter was tried on the rule for a preliminary injunction and there was judgment rejecting demands of plaintiffs and dissolving the temporary restraining order, from which judgment plaintiffs have brought this de-volutive appeal.
Contemporaneously with the filing of answer defendant filed an exception of no cause or right of action which was referred to the merits and of which no specific disposition was made. Before this court counsel for defendant re-urges the exceptions, but, .after consideration, in view of .our conclusion th.at the basis of the exceptions is indistinguishable from the defense on the merits, we have concluded that our holding in the instant case should be predicated upon the merits as reflected by the record made up on trial of the rule for a preliminary injunction.
The property of plaintiffs and defendant is located in a. highly exclusive and restricted area. The property owned by the majority of the plaintiffs, and particularly by those most closely located to the property of defendant, was acquired from a common ancestor in title under a deed of conveyance restricting the use of the property. : There was no such' restriction in the deed by which defendant acquired title to his small tract of two acres. It was established that defendant and one of plaintiffs have- built and maintained their permanent homes on their .properties. , The other plaintiffs acquired or have constructed various types of camp houses or summer homes, several of which represent' substantial investments. All of plaintiffs and defendant maintain and use private boat houses and piers of one sort of another, some of which extend out into the lake for distances of almost 200 feet beyond ■ the 172 foot contour line, and all the parties, with one exception, maintain, use and operate a boat or boats upon the waters of the lake, some of which craft are operated by inboard and some by outboard motors.
Some months 'before the institution of this suit defendant began the operation of a commercial boat rental and bait selling enterprise on a small scale. Sometime during the month of September, 1955, it appears that defendant developed plans and began to negotiate for the construction of a pier and boat house, which latter construction was intended to accommodate the housing of some 40 boats. Defendant contemplated the maintenance of a number of boats for public rental and the lease of stalls in the boat house to private parties for the housing of their craft. In con *328 junction with this operation it was defendant’s intention to sell bait and to permit fishing- from the pier. According to defendant’s proposed plan the dimensions of the completed structure would be 133 feet in length by 38 feet in width with a six foot pier running through the center of such building and extending some 30 feet farther into the lake. In the effort to prevent the construction and the operation of this project plaintiffs filed this suit on September 24, 1955.
The basis of plaintiffs’ action is set forth in Article 9 of their original petition as follows:
“That the defendant is without legal right to construct upon the lake bed of Cross Lake and over the waters of Cross Lake the type and kind of boat shed and storage building which he proposes to construct and which he is in the act of commencing for the operation of a commercial fishing camp and boat storage and service facility all for the following reasons, to-wit:
“A. The water in Cross Lake and the Lake Bed of Cross Lake belongs to the State of Louisiana.
“B. The defendant has not obtained the permission or consent of the State of Louisiana for said construction nor of any other governmental authority.
“C. That the construction and operation of such a building would constitute a public as well as a private nuisance all for the reasons hereinafter set forth,”
Particularization and amplification of plaintiffs’. objections to defendant’s proposed action are enumerated in the subsequent articles of the original petition as follows:
“10.
“That the investment of petitioners in the property owned by them has been substantial and has been made, by reason of the fact that this particular area of the shores of Cross Lake have been devoted exclusively to residential purposes; that all petitioners and their ancestors in title have beautified the area, have cleared away all underbrush, and have made the area a real show place of natural beauty.
“11.
“That the construction of a large commercial boat shed measuring some 200 feet in length and sixty feet in width which the defendant proposes to construct upon the Lake Bed and over the water of Cross Lake, will immediately attract a large number of fisherman, both white and colored, with the result that the public attracted to said place on account of the facilities to be constructed over the waters of Cross Lake, will invade the private property of petitioners; that whereas the area is now quiet and comfortable, it will become noisy and congested; that whereas petitioners are not now bothered by the noise of motorboats, such a shed will attract a large number of noisy motorboats, which will be constantly racing in front of petitioners property, and that whereas petitioners now have a beautiful view of Cross Lake, this natural beauty and view will be marred by the construction of such a shed as the defendant has moved in materials to construct.
"12.
“That the construction and operation of such a building as defendant proposes to construct upon the bed of Cross Lake and over its waters is a nuisance per se.
“13.
“That if the defendant is permitted to continue with -the construction of such a building and iboat shed over the waters of Cross Lake and upon the bed of Cross Lake, the property of petitioners will immediately depreciate in value to a vast extent and petitioners will consequently suffer heavy financial losses; that the area will immediately lose its appear (sic) as a residential area and the area will no longer be fit to live in.
*329 “14.
“That the construction of such a building over the waters of Cross Lake and upon the Lake bed will obstruct the free use of said waters and will interfere with petitioner’s boating use, and enjoyment of said Lake.”
By supplemental petition plaintiffs amended Article 9 of the original petition to read as follows:
“That the defendant is without legal right to construct upon the lake bed of Cross Lake and over the waters of Cross Lake the type and kind of boat shed and storage building which he proposes to construct and which he is in the act of commencing for the operation of a commercial fishing camp and boat storage and service facility all for the following reasons, to-wit:
“(a) The water in Cross Lake and the Bed' of Cross Lake belongs to the City of Shreveport, Louisiana, for its exclusive use as a good and wholesome water supply for the people of the City of Shreveport, Louisiana, having been so conveyed to the City of Shreveport, Louisiana, pursuant to the provisions of Act No. 31 of the Legislature of the State of Louisiana for the year 1910, which acts (sic) limits and restricts the property to a water supply for the people of Shreveport, Louisiana and for no other use.
“(b) The bed of Cross Lake belongs to the City of Shreveport subject to the restrictions contained in the law which provided for the conveyance to the City of Shreveport, Louisiana, and is therefore dedicated to good and wholesome water supply purposes.
“(c) That there is no law, rule, regulation or ordinance of the City of Shreveport which would permit or authorize a commercial structure upon the bed of Cross Lake and over its waters.
“(d) That the proposed acts of the defendant constitutes an appropriation of public property for private , use which is illegal, and unlawful.
“(e) That the .defendant is without lawful authority to construct such a structure upon the Lake ¡bed of Cross Lake and over its waters, and insofar as the defendant purports to have such authority, the same is illegal, null and void as there exists no law, rule, or ordinance which confers upon the right of anyone to confer upon defendant the authority to construct such a structure.
“(f) That the'Lake Bed and waters of Cross Lake have been dedicated by the Legislature of Louisiana for the purpose of supplying a good and wholesome water supply to-the people of Shreveport, Louisiana and cannot be used for the erection of a commercial structure for the purpose of carrying on a private business such as contemplated and planned by the defendant ; that only the Legislature -of Louisiana has the power to devote the Lake Bed and the waters of Cross Lake to any other purpose.
“(g) That the construction and operation of such a building would constitute ■ a public as well as a private nuisance all for the reasons hereinafter set forth.”
Before this Court counsel for plaintiff has narrowed the issues by the following declaration in its brief:
“Plaintiffs have alleged and are relying upon the following' propositions, -to-wit:'
“1. That the Waters of Cross Lake and the bed of Cross Lake belong to thé City of Shreveport and title is therefore in the Public.
“2. That the defendant has not obtained any valid permission of the public authorities to construct a Commercial enterprise upon the bed of Cross Lake.
“3. That the construction, and operation of such a building would con *330 •stitute a public as well as a private nuisance.”
Additionally counsel argue that plaintiffs have
“a special interest and are particularly adversely affected by the construction proposed, by. the defendant on public property.”
Counsel urged that the Legislative Act and the deed from the State of Louisiana to the City of Shreveport pursuant thereto, transferring the bed of Cross Lake, limits and restricts the use of the. property to the provision of a whplesome water supply for the people of Shreveport; permits no other use thereof and .prohibits the use.of the lake bed or any part thereof for a commercial, privately owned building operated for the profit of an individual. It is , further urged that the City has never adopted any resolution or law which would permit the erection of
“any kind of a structure, let alone the commercial structure * * *.”
Summing up, learned counsel argues:
“The plaintiffs, having a special interest as they have, are attempting to enjoin the defendant from constructing a commercial enterprise upon public property, public property which has, by legislative action, been dedicated and restricted to supplying a wholesome water supply to the people of Shreveport, Louisiana.”
To say the least, plaintiffs’ general position is highly inconsistent with the facts. The record does not disclose why or how the maintenance and operation of a commercial boat house and fishing pier jeopardizes the purity and wholesomeness of the water supply, nor does it justify any conclusion that such a public and commercial enterprise would be more damaging than the private maintenance and operation of similar structures.
It is obvious that the maintenance of plaintiffs’ asserted position- that Cross Lake is limited and restricted to use as a water supply and cannot be used for any other purpose whatsoever would not only eliminate the operation of the commercial venture of which plaintiffs complain but would necessitate the elimination of plaintiffs’ own rights.to the use and enjoyment of the. watersi of the lake, which result would represent an absurdity that certainly is not contemplated.
It is clear that the only basis of plaintiffs’ objection is their desire to enjoy a completely private and restricted ‘ area on the shores of a lake which, though primarily intended and used as a water supply, incidentally offers to the general public of the City of Shreveport an opportunity for recreational use and enjoyment that far outweighs the purely exclusive and private rights which plaintiffs assert.
Pursuant 'to Act No. 31 of the Legislature of 1910 the State of Louisiana conveyed unto fhe City of Shreveport a body of land -containing something less than 12,000 acres constituting the bed of Cross Lake. The deed of conveyance executed by the Legislature of the State Land Office on May 18, 1914, provided that the conveyance was made: -
“ * * * to provide a water supply of good, pure and wholesome water for the citizens of the City of Shreveport, Louisiana, as now constituted or hereafter extended, reserving to the Sta-te of Louisiana all minerals, or mineral rights to and under said land * *
Aside from the declared. purpose of the conveyance as being intended to provide a water supply for-the people of the City of Shreveport, and except for the mineral reservation in favor of the State, there is no restriction nor limitation of any kind, nature or character contained in the Act.
Implementing the ownership of the property-itself, and obviously for the purpose of permitting the City to exercise extra-territorial authority outside of the limits of the municipality, the Legislature passed Act No. 39 of 1926: - -
“To authorize and'empower the City of Shreveport to adopt, exercise and *331 enforce police and sanitary regulations and ordinances over the bed and waters of Cross Lake and the area surrounding same”.
The body of this Act' conferred upon the City full authority for the adoption of all needful police and sanitary ordinances and regulations for the protection of the bed and waters of Cross Lake. The Act further authorized the exercise by the City of the authority granted, through its Board of Health, Public Safety Department, Public Utilities Department, or otherwise.
The record in the instant case fails to establish the adoption of any ordinances, resolutions ‘ or regulations governing the construction of boat landings, piers, boat houses, or other similar structures either for private use or commercial operation. There is no showing that the property concerned in this litigation was zoned, and, indeed, it is patently evident from the record that there were no restrictions of any kind or nature, either by private covenant or public act, imposed upon or applicable to the use of the property of defendant.
Inter alia, plaintiffs complain, at one and the same time, that defendant has no authority from the City of Shreveport to conduct a commercial enterprise of the nature contemplated, and that the City, in any event, has no right to grant such authority. Neither of these two premises is supported. The testimony of City officials established the fact 'beyond question that there are no regulations nor ordinances with reference to the construction of boat houses, etc., and that, as a matter of custom, such questions are left for the sole determination of the Commissioner of Public Utilities. It is established that defendant requested permission for the construction of a boat house and pier in front of his property and was authorized to proceed with his plan, by letter from the Commissioner of Public Utilities of the City of Shreveport. It is to be presumed that he must and will comply with appropriate po-r lice and sanitary regulations, and, there being no other formal or informal regulations to be observed, the conclusion is inescapable, that he is entitled to exercise a right which has neither been denied nor circumscribed by any law.
In Hobson v. Walker, 41 So.2d 789, 794, this'court declared:
“The use of injunctive process which interferes with, restricts or restrains the exercise of the rights of those engaged in trade, business or commerce is one which has been carefully safeguarded and one which is not used except in those cases where the established facts are clear and convincing.”
There is some analogy with respect to the facts concerned in the instant case and those in the one cited, for, in the latter, the defendant was engaged in the operation of a bait selling enterprise which plaintiff sought to abate as a nuisance.
 We pass over the complaints of plaintiffs as to disturbance by noise, invasion of their private property by the implied invitation to the general public to use the facilities of defendant’s commercial enterprise, impairment of view, etc., not because we would summarily dismiss these complaints but because they present no foundation nor justification for relief either in law or fact. We pause in this general dismissal of unestablished and untenable complaints only to observe that plaintiffs have failed to show, on any count, the possibility of any serious or material -discomfort to persons of ordinary sensibilities and in a normal state of health which could reasonably be expected to arise from the business contemplated by defendant. These requirements, with relation to the locality and the reasonableness of the business, applied by our courts to cases seeking the abatement of a nuisance, are equally applicable to the instant case which seeks to prevent the establishment of an enterprise which would constitute a future nuisance. Froelicher v. Southern Marine Works, 118 La. 1077, 43 So. 882; Meyer v. Kemper Ice Co., 180 La. 1037, 158 So. 378; Irby v. Panama Ice Co., 184 La. 1082, 168 So. 306; Moss v. Burke & Trotti, 198 *332 La. 76, 3 So.2d 281; Myer v. Minard, La. App., 21 So.2d 72, Kellogg v. Mertens, La.App., 30 So.2d 777; Hobson v. Walker, supra, 41 So.2d 789.
There Í9 no fact adduced in connection with the instant case which would substantiate plaintiffs’ contention that the proposed venture on the part of defendant would constitute a nuisance, per se. The record establishes, and the Court, as a practical proposition, is thoroughly familiar with the fact that commercial boat renting and bait selling enterprises áre conducted by various individuals from locations on the shores of Cross Lake: Again we observe that these operations are regulated and supervised by the City authorities. The compilation of ordinances with reference to police regulations of Cross Lake, which was introduced in evidence, discloses, among other regulations, prohibitions against the operation of boats upon the lake between the hours of dark and daylight, prohibits the operation of motor boats without mufflers, except with respect to specific and limited occasions, and, in short, satisfactorily rebuts plaintiffs’ fears and apprehensions.
Plaintiffs, while conceding the right of the public to the use of the lake for recreational purposes, in effect, attempt to deny the right of access by the public to the restricted locality in-which they hold a. definite proprietary interest. Careful examination of the record fails to disclose any merit in law or fact which can be accorded this- position.
We note in brief of learned counsel for plaintiffs the reliance upon the mandatory requirements with respect to the issuance of a preliminary writ of injunction under the provisions of Code of Practice, Article 298, paragraphs 1, 2 and 3. The facts of the, instant case do not justify application of the mandatory remedy under any of the enumerated provisions' of the article;
For the reasons " assigned the judgment appealed from is affirmed at appellant’s cost.-