87 So.2d 757 (1956)
Dr. E. A. JOHNSON et al., Plaintiffs-Appellees,
v.
Thomas (Dude) NORA, Defendant-Appellant.
No. 8482.
Court of Appeal of Louisiana, Second Circuit.
March 23, 1956.
On Rehearing May 21, 1956.
*758 Watson & Williams, Natchitoches, for appellant.
Julian E. Bailes, G. F. Thomas, Jr., Natchitoches, for appellees.
HARDY, Judge.
This suit, instituted by the fourteen named plaintiffs, sought the issuance of an injunction prohibiting defendant from continuing to operate the business in which he was engaged, described by plaintiffs as a "liquor store, dance hall and gambling house and beer parlor", known as Fifth Street Package Store in the City of Natchitoches, Louisiana. Additionally, plaintiffs prayed for judgment in the sum of $250 each, representing damages in the nature of "worry, mental pain, suffering and anquish, loss of sleep, inconvenience, embarrassment and mental upset because of the manner in which defendant has conducted his business."
In answer to plaintiff's suit defendant filed an exception of no right nor cause of action and an answer, which latter was a specific denial of the allegations of plaintiffs' petition, and with which defendant coupled a reconventional demand praying for damages in the sum of $10,000, together with $500 attorney's fees, and other expenses in the sum of $200.
To defendant's reconventional demand plaintiffs interposed an exception of no cause nor right of action. The exceptions filed by defendant and plaintiffs, respectively, were referred to the merits without objection. After trial there was judgment making the rule absolute and ordering the issuance of a preliminary writ of injunction. Contemporaneously with this action the case was submitted on the record as made up on trial of the rule and there was judgment in favor of plaintiffs and against the defendant perpetuating the writ of injunction and:
"* * * forever enjoining and restraining and prohibiting the said defendant, Thomas (Dude) Nora, his agents, employees and all other persons acting or claiming to act on his behalf from operating the business known as the Fifth Street Package Store on Fifth Street in the City of Natchitoches, Natchitoches Parish, Louisiana, including the liquor store, dance hall, cafe and beer parlor, being the business presently operated by the defendant."
From this judgment defendant appealed to the Honorable the Supreme Court of the State of Louisiana, which ordered the appeal transferred to this tribunal; Johnson v. Nora, 228 La. 603, 83 So.2d 643.
Before this court it is argued on behalf of defendant that the evidence does not *759 support the issuance of the injunction and, alternatively, that the judgment exceeds the legal relief to which plaintiffs are entitled in that it orders the closing of defendant's legitimate business operations.
The record presented for our consideration, in addition to numerous exhibits, contains the transcript of testimony of witnesses aggregating 497 pages, at least 80% of which is purely repetitive and could have been presented, more effectively, by a brief stipulation of counsel.
In oral argument before this court counsel for plaintiffs contended that certain rebuttal evidence, consisting of two reels of sound film, had been improperly excluded by a ruling of the district judge. Examination of this point has convinced us that the ruling was correct. The evidence tendered would have served the exclusive purpose of adding weight to the presentation of plaintiffs' case, in chief, and should have been tendered at such time, failing which it was not properly offered.
The defendant and all of the plaintiffs, with one exception, are members of the Negro race. Plaintiffs are property owners and residents living in the immediate vicinity of the Fifth Street Package Store, which is owned and operated by defendant. In 1948, following repeal of the local option law prohibiting the sale of intoxicating liquors in Natchitoches Parish, defendant built and commenced the operation of the Fifth Street Package Store, which business was intended and conducted for the purpose of selling package liquors to Negro patrons, and was located on property of the defendant, where he also maintained his residence, at Municipal No. 816 Fifth Street in the City of Natchitoches. The business prospered to such an extent that defendant substantially enlarged the physical improvements in connection therewith and within the past few years has operated a cafe, dance hall and beer parlor in a building some 130 feet in length by 20 feet in width. Although the area in which the offending business is located is primarily residential in nature, there is no contention, nor is there any ground therefor, as to the legality of the location and the operation of the business conducted by defendant. Nor is it urged that defendant's business constitutes a nuisance, per se, but, on the contrary, it is argued that the conduct of the business has become a nuisance, per accidens, or, in fact, to the abatement of which plaintiffs are entitled.
In support of their action plaintiffs made a number of serious charges with reference to the operation of defendant's business, most of which, as attested by the evidence, were entirely unfounded. Rather than address ourselves to the unnecessary consideration of the unsubstantiated complaints advanced by plaintiffs, we propose to deal as briefly as may be possible in this opinion only with those valid objections which, according to the record, establish plaintiffs' rights to relief.
The testimony of eight of the plaintiffs and some ten or twelve other witnesses, we think, sufficiently justifies the conclusion that plaintiffs are seriously disturbed in their peaceful occupancy and enjoyment of their nearby homes by loud music, loud talking, including the occasional use of obscene and profane language; arguments and altercations between drunken patrons of defendant's establishment; trespass and the commission of indecent acts upon the properties of plaintiffs by unidentified patrons, and other disagreeable and disturbing actions of a similar nature. As against these annoyances we think the law is clear that plaintiffs are entitled to relief. It is true that defendant tendered the testimony of some fifty witnesses, more or less, residing in the same immediate neighborhood, who testified that they were not disturbed by the operation of defendant's business. However, the general rule, which has been many times stated in our jurisprudence, consistently accords relief to those who suffer from disturbances calculated to cause serious or material discomfort to persons of ordinary sensibilities and in a normal state of health. Other pertinent considerations are the nature of the locality and the reasonableness of the business itself; Haynes v. Smith, La.App., *760 85 So.2d 326; Hobson v. Walker, La.App., 41 So.2d 789; Kellogg v. Mertens, La.App., 30 So.2d 777; Myer v. Minard, La.App., 21 So.2d 72; Moss v. Burke & Trotti, 198 La. 76, 3 So.2d 281; Irby v. Panama Ice Co., 184 La. 1082, 168 So. 306; Meyer v. Kemper Ice Co., 180 La. 1037, 158 So. 378; Froelicher v. Southern Marine Works, 118 La. 1077, 43 So. 882.
We find no difficulty in concluding that plaintiffs are entitled to relief from unnecessary noise and disturbances, particularly during the late hours of night and from disturbance of and offenses against the privacy and peaceful enjoyment of their homes, particularly in their right to freedom of bawdy, rowdy or obscene disturbances resulting from the unrestrained conduct of patrons of defendant's business.
This case presents what we consider to be a classic example of the conflict of opposing rights of the parties hereto. Defendant unquestionably has the right to conduct a legal business but it must be conducted in such manner as will not unduly offend nor disturb the equally unquestionable right of plaintiffs to the peaceful enjoyment of their respective properties. Nor can it be denied that while plaintiffs are entitled to the protection of these rights, and to the abatement of such nuisances as unduly interfere therewith, they are not justified in demanding or receiving that extreme nature of relief which would deprive defendant of his equally inalienable right to conduct a legitimate business. As this court had occasion to declare in its opinion in Hobson v. Walker, 41 So.2d 789, 794:
"The use of injunctive process which interferes with, restricts or restrains the exercise of the rights of those engaged in trade, business or commerce is one which has been carefully safeguarded and one which is not used except in those cases where the established facts are clear and convincing."
In the instant case we are convinced that while plaintiffs are entitled to relief in the nature of abatement of those nuisances which result from the conduct of defendant's business, they are not entitled to that extreme degree of relief which would have the drastic and punitive effect of prohibiting defendant from the continued conduct of a legitimate business. It follows, however, that the burden of effecting the abatement of the nuisances by the exercise of appropriate restraint and restrictions, upon both the manner and nature of his business and the conduct of his patrons, must be imposed upon defendant.
With reference to the claims of plaintiffs and the reconventional demand of defendant in the nature of damages, it suffices to say that none of the elements necessary to support these claims were established.
The effect of the reasons above noted is to require the amendment of the judgment appealed from. We are faced with considerable difficulty in drafting a decree which will adequately protect the rights of both the parties plaintiff and defendant. Obviously it is impossible to cover with detailed certainty and exactness the various circumstances and conditions which are here involved. We are quite cognizant of the fact that the efficacy of any decree which is warranted under the facts of this case will eventually depend upon a showing of good faith and good sense by the parties to this litigation.
The judgment appealed from is amended to read as follows:
It Is Ordered, Adjudged and Decreed that there be judgment in favor of the plaintiffs, Dr. E. A. Johnson, Crittie Carroll Johnson, Noble Butler, Joyce LeBlanc Butler, Herddie Rivers, Albert Metoyer, Celestine Roque Metoyer, Louise Sarpy, Mrs. Amy Ellis, George Sarpy, Rosabella Monette Sarpy, Cyril Cross, Ezora Cross and Robert H. Dixon, and against the defendant, Thomas (Dude) Nora, forever enjoining, restraining and prohibiting the said defendant, his agents, employees and all other persons acting on his behalf from operating the business known as the Fifth Street Package Store located on Fifth *761 Street in the City of Natchitoches, Natchitoches Parish, Louisiana, including a liquor store, dance hall, cafe and beer parlor, in such a manner as to constitute a nuisance resulting in the undue and avoidable disturbance of the peace of the neighborhood and the normal enjoyment by the plaintiffs of their respective properties.
It Is Further Ordered that costs of this appeal are to be borne by plaintiffs-appellees, all other costs being taxed against the defendant; and, as amended, the judgment appealed from is affirmed.

On Rehearing.
On behalf of defendant an application for a rehearing was filed in this case which, while evidencing an agreement with the decree of the court, requested further consideration as to the apportionment of costs. Impressed with the equity of applicant's contention, we saw fit to grant a rehearing, restricted to a consideration of this point.
We took occasion in our original opinion to emphasize what we regarded as the unnecessarily voluminous record, a substantial portion of which was made up of purely repetitive testimony. Re-examination of the record evidences the fact that, on at least two occasions, counsel for defendant attempted to procure admissions which would have represented substantial savings both in time and cost, and which, in our opinion, could not possibly have prejudiced plaintiffs' case. These offers were rejected by counsel for plaintiffs.
We are further impressed, as a matter of equity, with the proposition that plaintiffs consistently insisted upon a judgment which would have had the drastic effect of completely terminating defendant's conduct of a legal business. The unnecessary harshness of this remedy, which we emphasized in our opinion, was unjustified in the instant case.
Under the circumstances, we are impressed with the merit of defendant's contention and feel that, in all fairness, he is entitled to some relief through the exercise of the discretionary authority of this court with relation to costs, which authority is conceded by counsel for plaintiffs.
Accordingly, it is ordered, adjudged and decreed that our original judgment in this case be amended to the extent of providing that all costs be, and they are hereby, taxed one-half against plaintiffs and one-half against defendant, and, as amended, our judgment on original hearing is reinstated.